UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EMANUEL HARRIS, JR.**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 23-197**

**SHERIFF JOSEPH LOPINTO**                                                     **SECTION: "R"(1)**

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Emanuel Harris, Jr., a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff Joseph Lopinto. In his complaint, plaintiff stated his claims as follows:

> I seek relief from overcharging and excessive force. The actions that I committed and am being detained for should support simple criminal damage under $1000.00 rather than the aggravated battery and attempted burglary I am currently charged with. Upon arrest, I was beat by the arresting officers and have sustained injuries to my ankle that causes me to limp and that I have not been treated for.[1]

After clarifying the factual bases of plaintiff's claims at a Spears hearing,[2] the undersigned United States Magistrate Judge issued a Report and Recommendation finding that (1) plaintiff's claims against Sheriff Lopinto should be dismissed with prejudice because plaintiff testified at the Spears hearing that Sheriff Lopinto was not personally involved in the events referenced in the complaint[3] and (2) plaintiff's complaint should be dismissed in its entirety unless he filed an amended complaint to name a proper defendant or defendants.[4] Because plaintiff thereafter filed

---

[1] Rec. Doc. 1, pp. 4-5.
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.
[3] At the Spears hearing, plaintiff stated that he had intended to sue the Kenner Police Department. He testified that he has no claim at all against Sheriff Lopinto or the Jefferson Parish Sheriff's Office regarding the use of force or the nature of his criminal charges.
[4] Rec. Doc. 6.

an amended complaint naming additional defendants (Brianne Carter, Aaron Savoie, Gabriel Marquez Castro, Zachary Babin, and Elliot Somen),[5] the matter has now been recommitted to the undersigned for further proceedings.[6]

## I. Mandatory Screening Provisions

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[7] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[5] Rec. Doc. 7.
[6] Rec. Doc. 8.
[7] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

## II.  Plaintiff's Claims

### A.  The Original Complaint

As noted in the prior Report and Recommendation issued in this case, the sole defendant named in the original complaint was Jefferson Parish Sheriff Joseph Lopinto.  However, a government official, such as Sheriff Lopinto, can be held liable for a purported federal constitutional violation only if he was personally involved in that violation.  See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").  Because plaintiff acknowledged at the Spears hearing that Sheriff Lopinto was not personally involved in the events referenced in the complaint,[8] it is again recommended that the claims against Sheriff Lopinto be dismissed with prejudice.

---

[8] See supra note 3.

3

### B.  The Amended Complaint

In the original complaint, plaintiff alleged that has been charged with two crimes: aggravated battery and attempted burglary.  In the amended complaint, he then added as defendants the Kenner police officers identified in the police reports as having been involved in the arrests for those charges:  Brianne Carter, Aaron Savoie, Gabriel Marquez Castro, Zachary Babin, and Elliot Somen. [9]

### 1.  Claims Against Carter and Savoie

The police reports reflected that Carter and Savoie were the officers involved in plaintiff's arrest for aggravated battery.  From plaintiff's testimony at the Spears hearing and the information in the police reports, it is clear that the aggravated battery charge arose from an incident which occurred on January 18, 2022.  According to Carter's police report concerning that incident, she responded to the initial police call concerning that crime.  Her report stated that an unknown assailant slashed the victim's face with a razor.[10]  According to Savoie's follow-up police report concerning that incident, he was able to identify plaintiff as the suspect for that crime.  Therefore, Savoie obtained an arrest warrant for plaintiff on April 4, 2022.  Thereafter, on December 20, 2022, plaintiff was located, arrested, and booked by Savoie for aggravated battery.[11]  At the Spears hearing, plaintiff denied committing that crime and, in the amended complaint, he added claims against Carter and Savoie for "false imprisonment by mistaken identification" for "falsely charging" him with an aggravated battery stemming from an incident in which he was not involved.[12]

---

[9] Those police reports were provided to the Court in connection with the Spears hearing and were forwarded to plaintiff for his use in this proceeding.  See Rec. Doc. 5.
[10] Rec. Doc. 5, pp. 2-5.
[11] Id. at pp. 6-8.
[12] Rec. Doc. 7.

At the Spears hearing, plaintiff testified that the aggravated battery charge currently remains pending. In light of that fact, plaintiff's civil claims against Carter and Savoie should not go forward at this time. As the United States Supreme Court has explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck [v. Humphrey, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (citations omitted). Accordingly, plaintiff's claims against Carter and Savoie should be stayed until the criminal proceedings concerning the aggravated battery charge are concluded.

### 2. Claims Against Gabriel Marquez Castro, Zachary Babin, and Elliot Somen

The police reports reflected that Marquez Castro, Babin, and Somen were the officers involved in plaintiff's arrest for the remaining attempted burglary charge.[13] Plaintiff claims that the facts do not support that charge and that the officers used excessive force to effect the arrest.

Because plaintiff's claim concerning the nature of the charge is a "claim related to rulings that will likely be made in a pending or anticipated criminal trial," see Wallace, 549 U.S. at 393, that claim should likewise be stayed until the related criminal proceedings are concluded.

On the other hand, at least based on the record as it currently stands, the undersigned finds that it is unnecessary to stay the claims that Officers Marquez Castro, Babin, and Somen used excessive force to effect plaintiff's arrest.[14] At this point, those claims should be allowed to proceed pending further development.

---

[13] Rec. Doc. 5, pp. 9-16.
[14] At the Spears hearing, plaintiff testified as follows concerning that claim: During the arrest, the officers wrestled plaintiff to the ground, choked him, and beat his ankles with a "long black stick." When he later woke up in the

5

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Sheriff Joseph Lopinto be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's excessive force claims against Gabriel Marquez Castro, Zachary Babin, and Elliot Somen be allowed to proceed pending further development.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims be **STAYED** until plaintiff's related state criminal proceedings are concluded.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __28th__ day of April, 2023.

*[signature]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

hospital, he was unable to walk, and his wrists were bruised from the handcuffs used to restrain him. He could not walk for "about a month" thereafter, and he still has pain occasionally.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Sheriff Joseph Lopinto be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's excessive force claims against Gabriel Marquez Castro, Zachary Babin, and Elliot Somen be allowed to proceed pending further development.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims be **STAYED** until plaintiff's related state criminal proceedings are concluded.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __28th__ day of April, 2023.

*[signature: Janis Van Meerveld]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

hospital, he was unable to walk, and his wrists were bruised from the handcuffs used to restrain him. He could not walk for "about a month" thereafter, and he still has pain occasionally.