UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMANUEL HARRIS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-197** |
| **SHERIFF JOSEPH LOPINTO, ET AL.** | **SECTION: "R"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Emanuel Harris, Jr., a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He originally sued only Jefferson Parish Sheriff Joseph Lopinto.[1] However, after a Spears hearing[2] and his receipt of the police reports concerning his arrests,[3] plaintiff amended his complaint to add Brianne Carter, Aaron Savoie, Gabriel Marquez Castro, Zachary Babin, and Elliot Somen as defendants.

To date, the claims against Lopinto have been dismissed with prejudice, and all of plaintiff's remaining claims have been stayed **except** for his claims against Castro, Babin, and Somen for allegedly using excessive force in connection with plaintiff's arrest.[4] With respect to those excessive force claims, Castro, Babin, and Somen have now filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[5] arguing that plaintiff has failed to state a claim upon which relief can be granted because he has not pleaded his claims with sufficient particularity given that the defendants are invoking the defense of qualified immunity.

---

[1] Rec. Doc. 1.
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).
[3] See Rec. Doc. 5.
[4] Rec. Docs. 9 and 10; Harris v. Lopinto, Civ. Action No. 23-197, 2023 WL 3159400 (E.D. La. Apr. 28, 2023), adopted, 2023 WL 3751624 (E.D. La. June 1, 2023).
[5] Rec. Doc. 16.

**Plaintiff was ordered to file a memorandum in response to the defendants' motion by no later than September 20, 2023,[6] but he filed no such response**. For the following reasons, it is recommended that the defendants' motion be granted.

In ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Further, where, as here, a defendant invokes qualified immunity in a motion to dismiss, "[t]he crucial question is whether the complaint pleads facts that, if true, would permit the inference that [the defendant is] liable under § 1983 and would overcome [his] qualified immunity defense. It is the plaintiff's burden to demonstrate that qualified immunity is inappropriate." Terwilliger v. Reyna, 4 F.4th 270, 280 (5th Cir. 2021) (citation, quotation marks, and ellipsis

---

[6] Rec. Doc. 17.

omitted). Specifically: "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to plead specific facts to overcome the defense." Id. at 284.

In the instant case, plaintiff's excessive force claims arise under the Fourth Amendment. As United States Fifth Circuit Court of Appeals has explained:

> The Fourth Amendment prohibits police from using more force than is reasonably necessary to effect an arrest. As one American court admonished 180 years ago, "[a] person having authority to arrest another must do it peaceably, and with as little violence as the case will admit of.... [I]f resisted he may use force sufficient to effect his purpose; but if no resistance be offered or attempt at escape, he has no right rudely and with violence, to seize and collar his prisoner." Nevertheless, it is hornbook law that the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.
> A plaintiff arguing that a public official has used excessive force in violation of the Fourth Amendment thus must show: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. The test of reasonableness under the Fourth Amendment is not capable of mechanical application, but instead requires careful attention to each case's facts. Among the considerations that inform the need for force: are (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of officers or others, and (3) whether the suspect was actively resisting or attempting to evade arrest. Still, at the end of the day, the touchstone of our inquiry is simply the reasonableness of the force employed. To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of officials, giving them fair leeway for enforcing the law in the community's protection. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.

Buehler v. Dear, 27 F.4th 969, 980-81 (5th Cir. 2022) (cleaned up and footnotes omitted) (quoting State v. Mahon, 3 Del. 568, 569 (1842)).

Here, plaintiff's factual allegations regarding his excessive force claims are minimal. For example, in his original complaint, he merely alleged: "Upon arrest, I was beat by the arresting officers …."[7] At the subsequent Spears hearing, plaintiff then testified without identifying the

---

[7] Rec. Doc. 1, pp. 4-5.

officers involved. Specifically, he testified that, when the police officers arrived on the scene, "they wrestled me down to the ground, they grabbed me, they made me sit on my butt and stretch my legs out, and they went to beating on my ankle." He also testified: "There were about three of them. They was holding me down. And one had a little, like a long little black stick and kept hitting me in my ankle with it." He further testified: "They were choking me. One got behind me, got on his knees, put his arms around me, and was choking me while the other one was beating me with a uh – with a little black stick. At the same time, I was handcuffed."[8] After being provided with the police report concerning that arrest,[9] plaintiff finally amended his complaint to identify the officers involved, but, in doing so, he merely clarified, **without elaboration**, that his excessive force claims were being asserted "against Castro, Babin, and Somen."[10]

The defendants argue that plaintiff's pleadings fall short due to their lack of specificity as to the **particular actions of each defendant**. They are correct. Although plaintiff is alleging that Castro, Babin, and Somen acted in unison, he has merely described their conduct collectively rather than individually. That will not do, especially where, as here, the officers involved are accused of performing **different** specific acts.

Courts must be mindful that although the federal pleading rules are generally lenient, especially for *pro se* individuals,[11] it is still important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide **each individual** with **fair notice** as to the basis

---

[8] The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.
[9] See Rec. Doc. 5.
[10] Rec. Doc. 7.
[11] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

of **the claims against him** ….." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (boldface emphasis added).  A "complaint's use of either the collective term 'Defendants' or a list of the defendants named individually **but with no distinction as to what acts are attributable to whom**" makes "it … impossible for any of [the] individuals to ascertain what particular unconstitutional acts they are alleged to have committed." Id. (emphasis added).

Moreover, that problem is exacerbated in cases, such as this one, where the defendants argue that they are entitled to qualified immunity. That is so because qualified immunity requires that **the reasonableness of each defendant's actions be assessed separately**, "even if those defendants acted in unison." Pratt v. Harris County, 822 F.3d 174, 181 (5th Cir. 2016); accord Solis v. Serrett, 31 F.4th 975, 981 (5th Cir. 2022) ("We examine each officer's actions independently to determine whether he is entitled to qualified immunity."); Meadours v. Ermel, 483 F.3d 417, 421 (5th Cir. 2007) (finding that "[t]he district court's decision to consider the officers' actions collectively because it found they acted in unison" was improper, because it was "beyond what prudence and case law allows"; "we have consistently examined the actions of defendants individually in the qualified immunity context"); Danks v. Grayson, 626 F. Supp. 3d 922, 938 (E.D. La. 2022) ("The Court examines each officer's actions independently to determine whether he is entitled to qualified immunity."); Perkins v. Hart, 617 F. Supp. 3d 444, 458 (E.D. La. 2022) ("In determining whether the use of force was clearly excessive and clearly unreasonable, the Court evaluates each deputy's actions separately, to the extent possible."); Velazquez v. City of Westwego, 531 F. Supp. 3d 1142, 1152 (E.D. La. 2021) ("Each defendant's actions must be considered individually, *even if they act in unison*.").

To summarize: a plaintiff bears the burden to plead specific facts sufficient to overcome each defendant's invocation of qualified immunity. Here, plaintiff has not done so, despite being placed on notice of the deficiency of his pleadings by virtue of the defendants' motion[12] and despite being expressly ordered by the Court to respond to that motion.[13] Therefore, his pleadings, at least in their present form, are insufficient to meet his burden to overcome the defendants' assertion of qualified immunity, and so the instant motion should be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** the motion to dismiss filed by Gabriel Marquez Castro, Zachary Babin, and Elliot Somen, Rec. Doc. 16, be **GRANTED** and that the excessive force claims asserted against them be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ⟶23rd⟵ day of October, 2023.

JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

---

[12] Rec. Doc. 16.
[13] Rec. Doc. 17.